**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DAVID A. KOSTELEC,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 08-20126-CM** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on petitioner's Motion for Relief under Federal Rule of Civil Procedure 60(b). (Doc. 21.) In his motion, petitioner asks this court to vacate its order denying petitioner's previous motion to vacate under 28 U.S.C. § 2255. Petitioner argues he was misinformed about the potential penalty for supervised release and also argues that the court overlooked a claim of actual innocence in his previous motion. For the following reasons, the court denies the motion and dismisses the petitioner's claims without prejudice.

### I.     Factual and Procedural Background

Between July 2002 and October 2005, petitioner engaged in a fraudulent scheme whereby he and other co-conspirators used false identities to submit fraudulent loan applications and property appraisals to financial institutions in exchange for loan proceeds. In 2008, petitioner signed a waiver of indictment and pled guilty to the following four counts: 1) 18 U.S.C. § 371, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. §§ 1956 and 1957; 2) 18 U.S.C. § 1343, wire fraud; 3) 18 U.S.C. § 1014, making false statements to influence a

federally insured financial institution; and 4) 18 U.S.C. § 1028A, aggravated identify theft.  The court sentenced Petitioner to a total term of imprisonment of 130 months imprisonment on Counts 1, 2 and 3, to run consecutively to a term of 24 months on Count 4, and a five (5) year term of supervised release.

On January 11, 2010 petitioner filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 claiming ineffective assistance of counsel.  (Doc. 13.)  Petitioner argued that counsel misinformed him of the counts against him and the potential sentences associated with each count, thus, rendering his plea unknowing and involuntary.  The government filed a motion to enforce the waiver in petitioner's plea agreement, under which petitioner gave up his right to appeal and collaterally attack his sentence and conviction.  (Doc. 18.)  On May 4, 2010 the court denied petitioner's § 2255 motion and granted the government's motion to enforce the waiver.

## II.     Legal Standard and Analysis

Under 28 U.S.C. § 2255[1], federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion.  *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).  To obtain authorization, the petitioner must demonstrate that the motion is based on a new constitutional law rule or on newly discovered evidence.  *United States v. Lara-Jiminez*, 377 Fed. Appx. 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h).  When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice.  *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.  Accordingly, the court must determine: 1) whether petitioner's

---

[1]In substance, a prisoner bringing a claim under § 2255 moves the court to vacate, set aside, or correct his sentence, on the grounds that the sentence "was imposed in violation of the Constitution or laws of the United States, . . . was in excess of the maximum [sentence] authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

motion was a second unauthorized § 2255 motion; and 2) whether to transfer the action to the circuit court or dismiss the action without prejudice.

### A.  Whether Petitioner's Motion is a Successive § 2255 claim.

Petitioner has not obtained authorization from the Tenth Circuit Court of Appeals to file his motion, as required under § 2255.  *In re Cline*, 531 F.3d at 1250.  Instead, petitioner filed his motion with the court under Federal Rule of Civil Procedure 60(b). The fact that petitioner couches his motion under the language of Rule 60 is not an issue, as 60(b) motions may be subject to the § 2255 successive authorization requirement.  *See In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (finding that a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a basis for relief from the underlying conviction).

In substance, petitioner's Rule 60(b) motion challenges his underlying conviction.  Petitioner attacks his sentence alleging he was misinformed as to the potential term of supervised release. (Doc. 21, at 2.)  Petitioner also challenges his conviction as to Count 3 and argues the court ignored his claim of actual innocence in his previous § 2255 motion.  *Id*.  These claims challenging his original sentence and conviction clearly constitute an unauthorized second or successive § 2255 filing.  See *Lara-Jiminez*, 377 Fed. Appx. at 822.  As such, the court lacks jurisdiction to consider the merits of petitioner's motion.

### B.  Dismissal of Petitioner's Motion

Pursuant to 28 U.S.C. § 1631, when faced with an unauthorized, successive § 2255 claim, "the court shall, if it is in the interest of justice, transfer such action or appeal" to the court where such action should have properly been brought.  28 U.S.C. § 1631.  The Tenth Circuit has commented that previously, it was the practice of the district courts to automatically transfer second or successive motions to the Tenth Circuit.  *In re Cline*, 531 F.3d at 1251.  Nevertheless, the Tenth Circuit has

interpreted § 1631 and specifically, the language "if it is in the interest of justice," as a grant of discretion to either transfer such an action or dismiss it without prejudice. *Id.* (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)).

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 Fed. Appx. at 822 (citing *In re Cline*, 531 F.3d at 1252). Relevant factors to consider include: whether the claims filed would be time barred; and whether such claims are meritorious or made in good faith. *Lara-Jiminez*, 377 Fed. Appx. at 822.

In his motion, petitioner makes no mention of newly acquired evidence or a new constitutional law ruling. Similarly, there is no indication that petitioner's claims carry any merit. Petitioner's arguments mostly reassert the claims made in his first § 2255 motion. After an exhaustive analysis in the court's first order, the court found petitioner knowingly and voluntarily entered his plea agreement. (Doc. 20, at 2.) Moreover, by enforcing the petitioner's waiver in the plea agreement, the court found the petitioner knowingly and voluntarily gave up his right to an appeal or collateral attack on his conviction. *Id.*

Petitioner claims specifically that he was misinformed as to the potential penalty for supervised release.[1] In *United States v. Timmreck*, the United States Supreme Court rejected a similar § 2255 motion involving a prisoner's parole term. *See* 441 U.S. 780, 784 (1979). There a district judge explained to the respondent that his guilty plea carried a potential sentence of fifteen years imprisonment and a $25,000 fine, but failed to inform the respondent of a mandatory three-year special

---

[1] Petitioner was sentenced to a total of five (5) years supervised release but argues that the maximum term of supervised release set out in the plea agreement was three (3) years. The plea agreement actually set forth a maximum term for supervised release of three years for Count 1, three years for Count 2, and three years for Count 3. (Doc. 7, at 1-2.) While technical errors existed in the maximum potential penalties for supervised release, petitioner was nevertheless sentenced to a shorter term of supervised release than the maximum penalties allowed for.

parole term. *Id*. The respondent was later sentenced to ten years imprisonment, a $5,000 fine, and a special parole term of five years. The Court rejected the respondent's § 2255 challenge on the grounds he was not informed about a mandatory special parole term, and stated there was no reasonable claim that the error resulted in a "complete miscarriage of justice." *Id*. at 784. The Court went on to hold "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Id*. at 785. Petitioner presents an analogous claim, alleging formal errors associated with the potential penalty of supervised release. Accordingly, he is not entitled to collateral relief on such a claim.

Therefore, because the petitioner's claims lack merit and fail to satisfy the requirements necessary to obtain authorization to file such a claim under § 2255(h), the court finds it is not in the interest of justice to transfer petitioner's motion. Accordingly, petitioner's motion is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's claims set forth in the motion are dismissed without prejudice.

Dated this <u>22nd</u> day of November, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**